UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TAMARA CARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| DUPONT HOSPITAL, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Tamara Carper, a resident of Dekalb County, Butler, Indiana who at all times relevant to this Complaint worked for the Defendant in Fort Wayne, Indiana (Allen County).

2. Defendant Dupont Hospital, LLC is a Tennessee corporation with its corporate office located at 4000 Meridian Blvd., Franklin, TN 37067, and is a company doing business at 2520 E. Dupont Road, Fort Wayne, IN 46825. Its registered agent is Corporation Service Company, 251 E. Ohio Street, Indianapolis, IN 46204. The Defendant is an "Employer" for the purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (hereinafter "ADEA"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12111 et seq. (hereinafter "ADA"), and the Family and Medical Leave Act of 1993, 29U.SC. §§ 2601 et seq. (hereinafter "FMLA").

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 470-2013-02897, on or about July 16, 2013. A copy of that

1

Charge is attached hereto, incorporated herein and made a part hereof as "Exhibit A". Plaintiff received notice of her right to sue on or about February 21, 2014. A copy of which attached hereto, and made a part hereof as "Exhibit B". This Complaint has been timely filed within 90 days after receipt of the notice; all administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff worked for Defendant from approximately June, 2001 until she was wrongfully terminated on January 16, 2013. During this time, Plaintiff performed within (if not above) the reasonable expectations of her employer.

5. During her employment, the Plaintiff suffered from a serious health condition under the FMLA, which also constituted a disability/perceived disability/record of impairment under the ADA, (i.e. hip degeneration which required hip replacement surgery). Plaintiff's condition furthermore substantially interfered with her daily life activities of walking, sitting and standing. She was also over the age of forty (40) at the time of separation from employment.

6. Approximately two weeks before the termination, on about January 2, 2013, the Plaintiff scheduled her hip replacement surgery, and informed Defendant she would need time off for it. On the same date, the Plaintiff also requested FMLA leave. On January 16, 2013, the Plaintiff received notification that the FMLA leave was approved.

7. Later on the same day, Plaintiff was called into a meeting and informed by the Defendant's representatives that she was being terminated. Plaintiff's supervisor told Plaintiff "it's a problem when you're not here".

8. Defendant refused to engage in the interactive process and terminated Plaintiff before she

2

was able to have her medically necessary surgery (hip replacement), which was scheduled for February 1, 2013.

9. Even prior to the termination, the Defendant treated the Plaintiff less favorably than similarly–situated employees that were under the age of forty with respect to the terms, conditions, benefits and entitlements of employment with Defendant, in that Plaintiff was "written-up" and disciplined for things that younger individuals did but for which they were not disciplined.  In addition, similarly-situated younger workers were given the benefits of being permitted to call off of work on the weekends without reprimand, they were permitted to take vacation time on 'black-out' dates, but Plaintiff was not; and unlike the Plaintiff, similarly-situated younger employees were treated with kindness and respect by the Defendant.  Also, by information and belief, the Defendant retained similarly situated employees with worse attendance records than the Plaintiff, and did not penalize them for taking time off to attend to serious health conditions.

10. Defendant's proffered reason for the termination was the Plaintiff's attendance.  Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality she was discriminated against, and retaliated against for asserting her rights under the ADA and/or FMLA.:

    a. Plaintiff at all material times performed within the reasonable expectations of the employer;

    b. There is suspicious timing between the date the Plaintiff requested FMLA leave in order to attend to her disability/perceived disability, and the date of her termination.

    c. Similarly situated employees that did not request FMLA and/or whom lacked a disability/perceived disability/record of impairment were treated less harshly than

3

   the Plaintiff as to disciplinary issues and the enforcement of the Defendant's policies and procedures;

   d. The Defendant purportedly granted the Plaintiff's request for FMLA leave but then terminated her without permitting her to actually use it;

   e. Defendant failed to engage in the interactive process as required under the ADA, and denied her reasonable accommodations of sufficient time off to attend to her hip surgery.

11. In the alternative, the Plaintiff contends that she was discriminated against and terminated on the basis of her age, in violation of her federally protected rights under the ADA:

    a. The Plaintiff was approximately fifty-two years old when terminated, and had performed within the reasonable expectations of the Defendant;

    b. The Defendant treated the Plaintiff less favorably than similarly –situated employees that were under the age of forty as to the terms, conditions, benefits and entitlements of employment with Defendant;

    c. Plaintiff was replaced by an individual under the age of forty (40).

12. Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits including income and subjected the Plaintiff to inconvenience, emotional distress, mental anguish, and other damages and injuries.

13. Defendant's discriminatory and/or retaliatory conduct furthermore was intentional, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, ADEA and FMLA. Imposition of punitive damages (where available) and liquidated damages (where available) is appropriate.

WHEREFORE, Plaintiff prays for judgment against the Defendant for all compensatory damages (including back pay and front pay), punitive damages (where available), liquidated damages (where available), reasonable attorney fees and costs, and any and all equitable and legal relief available under the ADA and FMLA, and ADEA.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

//

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02


/s/Ilene M. Smith
Ilene M. Smith, #22818-02


/s/Rachel J. Guin
Rachel J. Guin, # 31722-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-Mail:       cmyers@myers-law.com
              ismith@myers-law.com
Attorneys for Plaintiff

Rjg/IMS/go
S:\Carper, Tamara\Pleadings\Complaint.docx

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>470-2013-02897 |
|---|---|---|

Equal Employment Opportunity Commission                                        and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.)<br>Tamara Carper | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Street Address<br>100 N. Ivy Lane, Butler, IN 46721 | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Dupont Hospital, LLC | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>260-416-3000 |
|---|---|---|
| Street Address<br>2520 E. Dupont Road, Fort Wayne, IN 46825 | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2013       Latest: 1/16/2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Complainant is Tamera Carper, a former employer of the Respondents, whom at all material times relevant to this Complaint suffered from a disability/perceived disability/record of impairment, and was over the age of forty (40). Complainant alleges that the Respondent discriminated against and retaliated against her in violation of her federally protected rights under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and the American with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq.("ADA"). (In the alternative the Complainant was discriminated against and retaliated against in violation of her rights under the FMLA). In addition, the Complainant alleges that the Respondent failed to engage in the interactive process and failed to provide her with reasonable accommodations, in violation of her rights under the ADA.

The Respondent is St. Joseph Health System LLC, D/B/A Dupont Hospital, a company doing business at 2520 E. Dupont Road, Fort Wayne, Indiana 46825, and with a home office located at 4000 Meridian Blvd., Franklin, Tennessee 37067. At all material times of this Charge, the Respondent is an "Employer" for the purposes of the ADA, and the ADEA (as well as the FMLA).

The Complainant was employed by the Respondent from June 2001 to on or about January 16, 2013, at which time she was wrongfully terminated from her position as a Board Certified Lactation Consultant. At all material times to this Charge, the Complainant performed within the reasonable expectations of the Employer.

During the Complainant's employment, she suffered from a medical condition that constituted a disability/perceived disability/record of impairment. On or about January 4, 2013, the Complainant notified her manager, as well as her floor manager, that she needed time off of work to attend to her serious medical condition/disability/perceived disability. She also spoke to the human resource representative and got

EXHIBIT "A"

07/15/2013  15:52    2604240712              CHRISTOPHER C MYERS                 PAGE  05/05
USDC IN/ND case 1:14-cv-00158-RL   document 1   filed 05/22/14   page 7 of 8

information in order to apply for FMLA leave for her condition.

On or about January 16, 2013, the Complainant went into work at 6:30 a.m. Around 11:15 a.m. she was called into the birth place manager's office, and informed that the Respondent had begun the process of terminating her. The proffered reason for termination was that the Complainant supposedly had incurred too many attendance points.

The Complainant alleges that the proffered reason was false and pretextual, and that the real reason she was terminated was because of her disability/perceived disability/record of impairment, and/or her age and/or in retaliation for requesting the reasonable accommodation of time off of work in order to attend to her serious medical condition/disability/record of impairment/perceived disability. (In the alternative the Complainant alleges she was discriminated against and retaliated against for asserting her rights to FMLA benefits.)

The Complainant alleges that unlike employees under the age of forty (40) and who lacked disability/perceived disability/records of impairment, she was penalized for absences that should have been treated as FMLA leave. In addition, Complainant alleges that simile situated employees who were under the age of forty (40) and/or who lacked disability/perceived disability/records of impairment were treated much less harshly by the Respondent regarding the enforcement of the Respondent's attendance policy and discipline policy.

The Respondent's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and subjected the Plaintiff to inconvenience, emotional distress, mental anguish, and other damages and injuries.

The Respondent's discriminatory and/or retaliatory conduct furthermore was intentional, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADEA, ADA, (and FMLA).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/15/13  *Tamara Carper*
Date       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
*Shelly Landrum*, Shelly Landrum Notary

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
*Tamara Carper*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 07/15/2013
(month, day, year)
Resident Adams County  Exp: 4/14/2016

EEOC Form 5 (11/09)

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Tamera Carper<br>100 N. Ivy Lane<br>Butler, IN 46721 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2013-02897 | Michelle D. Ware,<br>Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
Director

FEB 21 2014
(Date Mailed)

Enclosures(s)

cc:
Lane Newton Summers
Employment Counsel
COMMUNITY HEALTH SYSTEMS
4000 Meridian Boulevard
Franklin, TN 37067

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 Calhoun Street
Suite 400
Fort Wayne, IN 46802

EXHIBIT "B"